IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00391-BNB

NYAHUMA KAMAU MACHARIA,

    Plaintiff,

v.

SECRETARY OF VETERANS AFFAIRS ERIC KEN SHINSEKI,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 17 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Nyahuma Kamau Macharia, filed *pro se* a complaint. He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On March 4, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Macharia to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On April 6, 2009, Mr. Macharia filed an amended complaint for money damages.

The Court must construe the amended complaint liberally because Mr. Macharia is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

The Court has reviewed the amended complaint and has determined that the amended complaint, like the complaint Mr. Macharia originally filed, is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure. As Magistrate Judge Boland pointed out in the April 6, 2009, order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**,* 891 F.2d 1473, 1480 (10th Cir. 1989). Magistrate Judge Boland further pointed out that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**,* 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). He specifically noted that Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." He informed Mr. Macharia that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." He further informed Mr. Macharia that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Once again, Mr. Macharia fails to provide a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). His three-page jurisdictional statement concerning Article III, *see* amended complaint at 1-3, does not comply with Fed. R. Civ. P. 8(a)(1). Mr. Macharia also fails to provide a short and plain

statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). First of all, Mr. Macharia fails to assert any claims in the amended complaint. Instead, he attaches various unexplained documents and leaves to the Court and the Defendant the responsibility to sift through his allegations and determine what claims he may be trying to assert. As in the complaint he originally filed, Mr. Macharia alleges that the Veterans Administration refused to provide him with health care for Hepatitis C because his urinalysis tested positive for drugs. He apparently considers Latrice L. Williams' alleged statement that he has been dishonest about his drug use to have defamed him. He also complains that he did not agree in writing to submit to urinalysis testing. The Court fails to see how these allegations state a federal constitutional claim.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and, therefore, must be dismissed. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this 16 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00391-BNB

Nyahuma Kamau Macharia
PO Box 1603
Aurora, CO 80040

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/17/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk